Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
2200 Southwest Freeway, Suite 120
Houston, Texas 77098
Tel: 713-481-3040
Fax: 713-588-8683
*Counsel of Record for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| WILLIAM ERNESTO GUEVARA ROMERO,<br><br>*Plaintiff*,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security; TRACY RENAUD, Acting Director of the U.S. Citizenship and Immigration Services; Wallace L. Carroll, Houston Field Office Director of the U.S. Citizenship and Immigration Services, | Case No. 4:21-cv-1981<br><br>Date: June 17, 2021 |

*Defendants*.

---

**PLAINTIFF'S COMPLAINT**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

This is a complaint for relief under the Administrative Procedure Act ("APA"). The Plaintiff, William Ernesto Guevara Romero, files the instant complaint against the Defendants because the U.S. Citizenship and Immigration Services ("USCIS"), a federal agency within the Department of Homeland Security ("DHS"), violated the Administrative Procedure Act ("APA") when it administratively closed Plaintiff's I-485, Application to Register Permanent Residence or Adjust Status ("I-485 Application"), based on alleged lack of jurisdiction. *See* Exhibit 1—Notice of Administrative Closure. More specifically, the USCIS, in determining that Plaintiff was an alien in removal proceedings and not an "arriving alien" with a final, executed order of removal, acted arbitrarily, capriciously, and erred as a matter of law. *Id.*

Plaintiff seeks *de novo* review of the USCIS's final agency decision; seeks a declaratory judgement that the USCIS has jurisdiction to adjudicate his I-485 Application and that it acted arbitrarily, capriciously, and not in accordance with the law when it administratively closed said I-485 Application; and seeks relief under the APA to compel the USCIS to reopen and to adjudicate his I-485 Application on the merits.

The instant action is being filed against the following Defendants: Alejandro Mayorkas, in his official capacity as the Secretary of the DHS; Tracy Renaud, in her

official capacity as Acting Director of the USCIS; and Wallace L. Carroll, in his official capacity as the Houston Field Office Director of the USCIS.

## I. INTRODUCTION

1. As per the USCIS's own Policy Memorandum and Policy Manual, the Code of Federal Regulations ("C.F.R."), and decisions of the Board of Immigration Appeals ("BIA"), the USCIS retains sole and exclusive jurisdiction to adjudicate adjustment of status applications filed by an "arriving alien," such as Plaintiff. *See* Exhibit 2—Previous USCIS Policy Memorandum; Exhibit 3—Previous USCIS Policy Manual, Vol. 7, Part A, Ch. 3, Sec. D; 8 C.F.R. §§ 245.2, 1245.2; *Matter of Yauri*, 25 I&N Dec. 103, 106-07 (BIA 2009).

2. The findings of the USCIS that it lacked jurisdiction over Plaintiff's I-485 Application, despite the fact that Plaintiff is an "arriving alien," with a final, executed order of removal, runs contrary to its own previous Policy Memorandum and Manual, the USCIS's prior actions in adjudicating similar adjustment of status applications, the federal regulations, and BIA case law. As such, the decision rendered in Plaintiff's case is one that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law. Relief under the APA is, thereby, the proper remedy.

3. Plaintiff seeks an order declaring that the final agency decision by the USCIS to administratively close Plaintiff's I-485 Application, on the grounds that it

lacked jurisdiction, was arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with the law.

4. Additionally, Plaintiff seeks an order from this Court compelling the USCIS to reopen and adjudicate his I-485 Application on the merits.

5. Plaintiff has exhausted his remedies in this case and is not required to do anything further. It is thus considered a "final" agency action subject to judicial review by this Court for which there can be no judicially-imposed exhaustion requirement. *Darby v. Cisneros*, 509 U.S. 137, 147 (1993); *see also* 5 U.S.C. § 704.

## II. JURISDICTION AND VENUE

6. This action arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*, and the APA, 5 U.S.C. §§ 701 *et seq*. Because this action arises under the federal laws of the United States, subject-matter jurisdiction is proper under 8 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e) because all relevant actions, including the submission and administrative closure of Plaintiff's I-485 Application, occurred in the USCIS's field office in Houston, Texas.

## III. PARTIES

8. Plaintiff, William Ernesto Guevara Romero, is a resident of Houston, Texas.

9. Defendant, Alejandro Mayorkas, is the Secretary of the DHS. He is sued in his official capacity. He may be served at 2707 Martin Luther King Jr. Ave. SE, Washington, D.C. 20528-0485.

10. Defendant, Tracy Renaud, is the Acting Director of the USCIS. She is sued in her official capacity. She may be served at 20 Massachusetts Ave. NW, Room 4210, Washington, D.C. 20529.

11. Defendant, Wallace L. Carroll, is the USCIS Houston Field Office Director. He is sued in his official capacity. He may be served at 20 Massachusetts Ave. NW, Room 4210, Washington, D.C. 20529.

## IV. STATUTORY AND REGULATORY BACKGROUND

12. Under 8 U.S.C. § 1255(a), an alien may adjust his status to that of a lawful permanent resident provided that: (1) the alien was inspected and admitted or paroled into the U.S.; (2) the alien makes such an application for adjustment of status; (3) the alien is eligible to receive an immigrant visa; (4) the alien is admissible to the U.S.; and (5) a visa is immediately available to him when the adjustment of status application is filed.

13. The USCIS has the jurisdiction to adjudicate an I-485 Application unless the immigration judge has jurisdiction. 8 C.F.R. § 1245.2(a)(1). 8 C.F.R. § 245.2(a)(1).

14. The immigration judge has exclusive jurisdiction to adjudicate any I-485

Application if the alien is in removal or deportation proceedings (other than an "arriving alien"). 8 C.F.R. § 1245.2(a)(1).

15. An "arriving alien" is one who is "an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport." 8 C.F.R. § 1.2.

16. "An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act." *Id.*

17. The immigration judge can only have jurisdiction over I-485 Applications filed by "arriving aliens" if: (1) the alien properly filed the application with the USCIS while the alien was in the U.S.; (2) the alien departed and returned to the U.S. pursuant to a grant of advance parole; (3) the application was denied by the USCIS; and (4) the DHS placed the alien in removal proceedings *after* the alien's return to the U.S. on advance parole or *after* denial of an I-485 Application. 8 C.F.R. § 1245.2(a)(1)(ii).

18. If the USCIS administratively closes an I-485 Application on the grounds that it lacks jurisdiction to adjudicate it, the administrative closure would be considered the final agency action in the case. As such, no administrative

remedies would be left available to an applicant and the only option is to judicially assert a violation under the APA. *See* 5 U.S.C. §§ 702, 704.

19. "Agency action" is defined to include the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act. 5 U.S.C. § 551(13).

20. The reviewing court is authorized to compel action by an agency, hold its actions unlawful and set aside agency action, findings, and conclusions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

## V. FACTUAL BACKGROUND

21. Effective March 1, 2003, the DHS assumed responsibility for the functions of the agency formerly known as the "Immigration and Naturalization Service." The Secretary of DHS is now vested with "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." 8 C.F.R. § 2.1.

22. The USCIS is a bureau within the DHS and has been delegated supervisory authority over all operations by the Secretary of the DHS. *Id.* The USCIS is responsible for accepting and adjudicating all I-485 Applications, unless, as detailed above, jurisdiction lies with the immigration judge.

23. The USCIS Houston Field Office is an agency within the DHS and it has been

delegated supervisory authority over all operations by the Secretary of the DHS. *Id.* The USCIS Houston Field Office is the entity with jurisdiction over the administrative closure of Plaintiff's I-485 Application. *See* Exhibit 1, *supra*.

24. Plaintiff is a native and citizen of El Salvador. *See* Exhibit 4—Parole Document. He was ordered removed by an immigration judge on July 22, 1998. *See* Exhibit 1, *supra*.

25. However, Plaintiff subsequently was granted Temporary Protected Status ("TPS") and, on December 16, 2018, he was paroled into the United States by the DHS pursuant to an advanced parole document issued to him on the basis of his TPS. *See* Exhibit 4, *supra*.

26. Next, by virtue of being the beneficiary of an I-130 family visa petition, filed on his behalf by his U.S. citizen child, Plaintiff filed his I-485 Application with the USCIS. *See* Exhibit 1, *supra*. However, instead of adjudicating Plaintiff's I-485 Application on the merits, the USCIS administratively closed it on the grounds that it lacked jurisdiction to do so. *Id.*

27. Specifically, the USCIS found that because Plaintiff was still in removal proceedings, he could not adjust his status with the USCIS, and instead, had to seek such relief before the immigration court. *Id.*

28. At this time, Plaintiff cannot file to reopen his proceedings with the

immigration judge for the specific purpose of adjustment of status because he is an "arriving alien" and the immigration judge would lack jurisdiction over his I-485 Application.

29. Furthermore, Plaintiff has effectively executed his order of removal by traveling on an advance parole, and so, there is nothing for the immigration judge to reopen. Plaintiff is thus filing the present action seeking relief under the APA with this Court.

## VI. CLAIMS FOR RELIEF

30. Plaintiff incorporates by reference the allegations in paragraphs 1-29.

31. Plaintiff contends that under the APA, the USCIS's administrative closure of his I-485 Application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

32. The U.S. Supreme Court has held that an agency's actions may be considered arbitrary, capricious, or an abuse of discretion if said actions inexplicably depart from the agency's own course of adjudication, regulations, or policies. *See INS v. Yang*, 519 U.S. 26, 32 (1996) ("Though an agency's discretion is unfettered at the outset, if it announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as

'arbitrary, capricious, [or] an abuse of discretion.'").

33. In this case, the exhibits attached herein establish that the USCIS departed from its own settled course of adjudication in administratively closing Plaintiff's I-485 Application because it has, in the past, issued denials or approvals on I-485 Applications for aliens who have traveled pursuant to a grant of advance parole and who have final removal orders. *See* Exhibits 5-9.

34. Exhibit 5 demonstrates that the alien who was ordered deported, was granted TPS, traveled on advance parole pursuant to the grant of TPS, returned to the U.S., applied for adjustment of status, and successfully received such status. *See* Exhibit 5—Adjustment of Status Decision 1.

35. Exhibit 6 shows that the alien's I-485 Application was adjudicated and granted by the USCIS, after he traveled on advance parole, despite the alien being deported and entering the country illegally. *See* Exhibit 6—Adjustment of Status Decision 2.

36. Exhibit 7 evidences how the USCIS granted an I-485 Application and accorded lawful permanent resident status to an individual who traveled on advance parole, despite the fact that the individual was previously ordered deported. *See* Exhibit 7—Adjustment of Status Decision 3.

37. Exhibit 8 establishes that the USCIS adjudicated the I-485 Application but denied it because the applicant failed to file the appropriate Form I-212 with

the application. *See* Exhibit 8—Adjustment of Status Decision 4. In its decision, the USCIS explicitly stated that it concurred the applicant was an "arriving alien" with an executed order of removal and that the USCIS had jurisdiction to adjudicate his I-485 Application. *Id.*

38. Similarly, in Plaintiff's Exhibit 9, the USCIS issued a decision denying the I-485 Application because the alien did not file a Form I-212. *See* Exhibit 9—Adjustment of Status Decision 5. The USCIS found that this form was needed because the alien executed his order of removal when he traveled on advance parole. *Id*.

39. In Plaintiff's case, despite being an "arriving alien" and executing his order of removal when he departed and retuned on advance parole, the USCIS refused to adjudicate his I-485 Application on the merits. *See* Exhibit 1, *supra*. The USCIS has thus irrationally departed from its correct and settled course of adjudication. As such, it has acted arbitrarily, capriciously, and abused its discretion.

40. In addition, the USCIS's administrative closure of Plaintiff's I-485 Application is not in accordance with the law.

41. The applicable federal regulations, and BIA precedent, state that the USCIS has jurisdiction to adjudicate an I-485 Application filed by an "arriving alien." *See* 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1); *Matter of Yauri*, 25 I&N Dec. at

106-07 ("DHS has stated that it recognizes that the USCIS's jurisdiction over the adjustment application of an arriving alien exists regardless of whether there is an unexecuted removal order that remains outstanding against the alien…[m]oreover, we emphasize that the existence of a final order of removal does not preclude the USCIS from granting [an] I-485 Application to an arriving alien who is otherwise eligible for" adjustment of status).

42. Once again, an "[a]rriving alien [is] an applicant for admission coming or attempting to come into the United States at a port-of-entry." 8 C.F.R. § 1.2.

43. A person who is paroled into the United States would be considered an "arriving alien" because, while they are allowed to enter, they are not considered admitted into the country. *See* 8 U.S.C. §§ 1101(a)(13)(B) ("An alien who is paroled under section 1182(d)(5) of this title or permitted to land temporarily as an alien crewman shall not be considered to have been admitted."); *see also Matter of Oseiwusu*, 22 I&N Dec. 19 (BIA 1998) (holding that an alien who enters the United States with a grant of parole is an "arriving alien").

44. "An arriving alien remains an arriving alien even if paroled pursuant to [8 U.S.C. § 1182(d)(5)], and even after any such parole is terminated or revoked."). 8 C.F.R. § 1.2.

45. In this case, Plaintiff is an "arriving alien" because he traveled and then

returned to the U.S. at a port-of-entry as an applicant for admission, pursuant to his grant of advance parole. *See* Exhibit 4, *supra*.

46. Inexplicably, the USCIS found that even though Plaintiff traveled on advance parole, the agency did not have jurisdiction to adjudicate his I-485 Application because his removal proceedings have not been terminated and as a result, he returned to the status of an alien with a final order of removal when he returned to the U.S. on advance parole. *See* Exhibit 1, *supra*. This conclusion is erroneous as a matter of law for several reasons.

47. First and foremost, Plaintiff does not have an unexecuted order of deportation, because said order was fully executed when he departed the country on advance parole. *See, e.g.*, 8 U.S.C. § 1101(g) ("…any alien ordered deported or removed (whether before or after the enactment of this chapter) who has left the United States, shall be considered to have been deported or removed in pursuance of law"); 8 C.F.R. § 1241.7 ("Any alien who has departed from the United States while an order of deportation or removal is outstanding shall be considered to have been deported, excluded and deported, or removed."); *Matter of Bulnes-Nolasco*, 25 I&N Dec. 57, 58 (BIA 2009) (affirming that an alien's departure from the United States while under an outstanding order of deportation has the effect of executing the deportation order and bringing finality to the deportation proceedings).

48. As noted in the attached exhibits, the USCIS even concedes that an alien who departs on advance parole is considered to have executed his removal order. *See* Exhibits 8-9, *supra*. Accordingly, any finding by the USCIS stating that Plaintiff's order of removal remains unexecuted, and that he is still in removal proceedings, is legally and factually erroneous based on the agency's own conclusions.

49. Second, Plaintiff is not able to file his I-485 Application and seek adjustment of status to that of a lawful permanent resident before the immigration court because the immigration judge only has jurisdiction over an "arriving alien's" I-485 Application if the alien: (1) properly filed the application with the USCIS while the alien was in the United States; (2) departed and returned to the United States pursuant to a grant of advance parole; (3) has an application which was denied by the USCIS; *and* (4) was placed in removal proceedings by the DHS *after* the alien's return to the United States on advance parole or *after* the I-485 Application was denied. 8 C.F.R. § 1245.2(a)(1)(ii).

50. While Plaintiff meets the first two requirements, he fails the others because: he has not received a denial decision from the USCIS (only an administrative closure); and he was placed in removal proceedings *well before* he returned to the United States on advance parole and *before* he filed his I-485 Application. *See* Exhibits 1 and 4, *supra*. As such, the exceptions allowing the immigration

judge to exercise jurisdiction over Plaintiff's I-485 Application are inapplicable. By finding otherwise, the USCIS erred as a matter of law.

51. In sum, given the law and evidence presented, Plaintiff maintains that judicial review under the APA is proper in this case because the USCIS has acted arbitrarily, capriciously, has abused its discretion, and has not acted in accordance with the law.

## VII. EXHAUSTION

52. Plaintiff incorporates by reference the allegations in paragraphs 1-51.

53. As noted above, Plaintiff is not required to exhaust his administrative remedies with respect to the administrative closure of his I-485 Application because he is contesting a "final" agency action that is subject to judicial review under the APA.

54. The language of 5 U.S.C. § 704 states that an agency action is "final" without regard to whether an alien seeks reconsideration or appeal to a higher agency authority, *unless* there is a statute or regulation that requires the alien to file an appeal and the agency action is inoperative during the appeal.

55. In this case, when the USCIS issued its decision to administratively close Plaintiff's I-485 Application, it was a "final" agency action for purposes of the APA. *See Darby*, 509 U.S. at 137. As such, there can be no judicially-imposed exhaustion requirement and judicial review is proper before this

Honorable Court.

## VIII. CONCLUSION

56. For the aforementioned reasons, the decision to administratively close Plaintiff's I-485 Application was arbitrary, capricious, an abuse of discretion, and not in accordance with the law. Therefore, judicial review by this Court is warranted under the APA.

## IX. PRAYER FOR RELIEF

57. Wherefore, Plaintiff respectfully requests that this Court:

a. accept jurisdiction and venue as proper;

b. issue a declaratory judgment that the administrative closure of Plaintiff's I-485 Application was arbitrary, capricious, an abuse of discretion, and not in accordance with the law;

c. issue a declaratory judgment that the USCIS has jurisdiction to adjudicate Plaintiff's I-485 Application;

d. issue an order under the APA to compel the USCIS to recalendar and adjudicate Plaintiff's I-485 Application on the merits;

e. grant reasonable attorney's fees, expenses, and costs of court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

f. grant Plaintiff all other relief as the Court may deem just and proper.

Respectfully submitted,

GONZALEZ OLIVIERI LLC

*/s/ Raed Gonzalez*

Raed Gonzalez, Esq.
Attorney for Plaintiff
Texas Bar No. 24010063
2200 Southwest Freeway, Suite 120
Houston, TX 77098
Phone: (713) 481-3040,
Fax: (713)588-8683
rgonzalez@gonzalezolivierillc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

WILLIAM ERNESTO GUEVARA ROMERO,

*Plaintiff*,

v.

ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security; TRACY RENAUD, Acting Director of the U.S. Citizenship and Immigration Services; Wallace L. Carroll, Houston Field Office Director of the U.S. Citizenship and Immigration Services,

*Defendants*.

Case No. 4:21-cv-1981

Date: June 17, 2021

---

**INDEX OF EXHIBITS**

---

Exhibit 1—Notice of Administrative Closure
Exhibit 2—Previous USCIS Policy Memorandum
Exhibit 3—Previous USCIS Policy Manual
Exhibit 4—Parole Document
Exhibit 5—Adjustment of Status Decision 1
Exhibit 6—Adjustment of Status Decision 2
Exhibit 7—Adjustment of Status Decision 3
Exhibit 8—Adjustment of Status Decision 4
Exhibit 9—Adjustment of Status Decision 5